DECISION
Before the Court is Robert Arruda's and William Clay's ("Plaintiffs") Motion to Amend Verified Complaint pursuant to Rule 15 of the Rhode Island Rules of Civil Procedure and Motion for Joinder of Parties pursuant to Rule 20. The Plaintiffs are requesting under Rule 20 to add John Patterson and Robert Sumner Mack ("Mack") as new plaintiffs in this matter, and seeking to amend their complaint under Rule 15 in order to add a new count. In their response to the Motions, the Defendants state that they "do not object under the Rules to the addition of Mr. Patterson or the new Count in the Complaint," but they do object to the addition of Mack as a new Plaintiff on the basis that he has no legal standing. Therefore, the issue presently before this Court is whether Mack has legal standing to join the current action pursuant to Rule 20 of the Rhode Island Rules of Civil Procedure. Having found no reason for delay, this Court will here render a decision.
 Facts/Travel
On July 11, 2000, the Plaintiffs filed an action for injunctive relief "seeking to enjoin the effective date of the amendment to Rhode Island Ethics Commission Regulation 36-14-5009, Prohibited Activities — Gifts." The Plaintiffs are also seeking declaratory relief as to the validity or applicability of Regulation 5009. According to the Complaint, Mr. Arruda is a lobbyist registered with the Office of the Secretary of State in his capacity as Chairman of Operation Clean Government. Mr. Clay is a member of the Board of Directors of Operation Clean Government and also a member of the School Committee for the Exeter-West Greenwich Regional School District.
Mack is currently a candidate for the State House of Representatives.[1] Mack argues that he is subject to the financial disclosure requirements of the Rhode Island Code of Ethics in Government and Regulations. That being the case, Mack maintains that he has a "specific interest in the validity of the amendment to Rhode Island Ethics Commission Regulation 36-14-5009," which is a central issue in the Complaint. Mack states that the campaign finance limitations set forth in Rhode Island General Laws § 17-25-1, et. seq., pertain to any candidate for public office, both incumbents and challengers. He points out, however, that the gift limitations allowed pursuant to Regulation 5009 only apply to persons subject to the Code of Ethics. Therefore, he asserts, non-incumbents do not derive the benefit of the gift thresholds of $150.00, with an aggregate of $450.00 in a calendar year, which is available to incumbents. The result is a "specific advantage to incumbents which does not appear to be available to candidates seeking public office who are not current office holders," which he claims is a cognizable economic injury and of high public interest to confer standing.
The Defendants argue that Mack is not subject to Regulation 5009 in that he is not subject to the Code of Ethics as defined in R.I.G.L. § 36-14-4. They state that because the Complaint challenges the validity and effectiveness of Regulation 5009, Mack does not allege an injury in fact which would allow him to have standing in the current case.
 Standing
In Rhode Island, when deciding an issue of standing, a Court must determine "whether the person whose standing is challenged has alleged an injury in fact resulting from the challenged [act]." Pontbriand v. Sundlun, 699 A.2d 856, 861 (R.I. 1997) (citing Rhode Island Opthalmological Society v. Cannon, 317 A.2d 124 (R.I. 1974)). "Sometimes referred to as the `injury in fact' requirement, this has been described by Justice Scalia in an oft-quoted passage as `an invasion of a legally protected interest which is (a) concrete and particularized . . . and (b) actual or imminent, not conjectural or hypothetical.'" Pontbriand at 863. The injury in fact may be economic or otherwise. Id. at 863 (quoting Cannon at 129). "The line is not between a substantial injury and an insubstantial injury. The line is between injury and no injury." Blackstone Valley Chamber of Commerce v. Public Utilities Commission,452 A.2d 931, 933 (R.I. 1982).
"The essence of the question of standing is whether the party seeking relief has alleged such a personal stake in the controversy as to ensure concrete adverseness that sharpens the presentation of the issues upon which the court depends for an illumination of the questions presented." Blackstone at 933. "This court has, on rare occasions, overlooked the question of standing and proceeded to determine the merits of the case because of substantial public interest in having a matter resolved before the question presented became moot." Id. However, a person must still allege a "personal stake in the controversy-his own injury in fact-before he will have standing to assert the broader claims of the public at large." Id.
In the present case, the Plaintiffs argue that Mack has demonstrated an injury in fact in order to give him the requisite standing to maintain suit against the Defendant. Mainly, the Plaintiffs assert that the gift limitations allowed only to incumbents pursuant to Regulation 5009 offer a specific advantage to incumbents which do not appear to be available to candidates, or non-incumbents. In order to determine whether Mack can demonstrate any injury in fact to support standing, this Court must review the language of the relevant statutes concerning campaign financing and elections.
It must first be determined whether Mack is subject to Regulation 5009. The relevant sections of Regulation 5009 provide in part:
 Commission Regulation 36-14-5009 (Prohibited Activities — Gifts)
 . . .
 (b) No person subject to the Code of Ethics, either directly or as the beneficiary of a gift or other thing of value given to a spouse or dependent child, shall accept or receive any gift(s) or other thing(s) having a value greater than $150, but in no case having an aggregate value of $450 in any calendar year including, but not limited to, gifts, loans, rewards, promises of future employment, favors or services, gratuities or special discounts, from a single interested person, as defined herein, without the interested person receiving lawful consideration of equal or greater value in return.
 . . .
 (2) The prohibition in this section do not apply if the gift or other thing of value is:
 (a) a campaign contribution as defined by the law of the State;
 . . .
As it clearly points out in the Regulation 5009, in order to be subject to its provisions a person must be subject to the Code of Ethics. R.I.G.L. § 36-14-4 states:
The following persons shall be subject to the provisions of the Rhode Island Code of Ethics in government:
 (1) State and municipal elected officials;
 (2) State and municipal appointed officials; and
 (3) Employees of state and local government, of boards, Commissions, and agencies.
This Court has discovered no information leading it to believe that Mack falls into any of these categories, nor has either party suggested otherwise. It appears then that Mack is not subject to the Code of Ethics, and subsequently not subject to the provisions of Regulation 5009. Indeed, that is precisely what the Plaintiffs argue when they claim incumbents derive a benefit from Regulation 5009 that a candidate, such as Mack, does not.
The Plaintiffs also argue that Regulation 5009 overlaps with R.I.G.L. § 17-25-1 et. seq., in that it creates confusion as to the definitions of gift or contribution. As the Plaintiffs correctly point out, both an incumbent and a candidate are subject to the provisions of R.I.G.L. § 17-25-1, et. seq., Rhode Island Campaign Contributions and Expenditures Reporting. Therefore, they both must meet the same reporting and contribution guidelines. Regulation 5009, on the other hand, creates a limitation on the amount of gifts an incumbent may receive, yet says nothing about the amount of gifts a candidate may receive. If nothing else, a candidate appears to have an advantage because he or she may accept more than $450 of gifts in a year leading up to an election. The standards are slightly higher for an incumbent so as to avoid the appearance of impropriety while serving or working for the state. Other than that, both a candidate and an incumbent have identical reporting requirements and guidelines to follow under Rhode Island's campaign finance laws. See R.I.G.L. § 17-25-1, et. seq.
As stated above, in order to have standing, a person must allege an injury in fact that is concrete and particularized, actual or imminent, and not conjectural or hypothetical. The Plaintiffs have stopped well short of offering facts or circumstances that would indicate that Mack or any candidate has suffered, or will suffer any injury in fact as a result of Regulation 5009. The Regulation only applies to those people subject to the Code of Ethics; and, although the Plaintiffs argue that incumbents derive a benefit which results in a recognizable injury to Mack as a result of Regulation 5009, this Court cannot discern any such injury that is "concrete and particularized" or "not conjectural or hypothetical." See Pontbriand at 863.
Furthermore, this Court is aware of the substantial public interest involved in the statutory interpretation of a statute or regulation concerning the election process. However, a person must still "allege a personal stake in the controversy — his own injury in fact — before he will have standing to assert the broader claims of the public at large." See Blackstone at 933. That is a hurdle that Mr. Mack cannot overcome. It should also be noted that Regulation 5009 will still be challenged by the remaining Plaintiffs. This Court simply holds that Mr. Mack has not alleged an injury in fact that would allow him standing in the present action.
The Plaintiffs' Motion to Amend the Verified Complaint is granted to the extent that it does not include Mr. Mack, and the Plaintiffs' Motion for Joinder of Parties is granted as to John Patterson and denied as to Robert Sumner Mack. Counsel shall submit the appropriate judgment for entry.
[1] John Patterson is an incumbent state senator representing Senate District 23 in the Rhode Island General Assembly.